# IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
# MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| BRANDON CHAPPELL, and<br>MICHAEL MASTILLO, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | CIVIL ACTION NO. |
| v. | )<br>) | 2:16cv237-MHT<br>(WO) |
| DAEHO LOGISTICS INDUSTRY<br>CO., LTD. CORP., | )<br>)<br>) | |
| Defendant. | ) | |

## OPINION

This cause is before the court on the joint motion to approve a settlement plaintiffs Brandon Chappell and Michael Mastillo have with defendant Daeho Logistics Industry Co., Ltd. Corp.  The court held a hearing on the motion in court on April 20, 2017.  For the reasons that follow, the settlement will be approved.

Chappell and Mastillo alleged that Daeho violated the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219.  Their FLSA claim sought damages for unpaid minimum wage and overtime compensation.

Because the FLSA was enacted to protect workers from the poor wages and long hours that can result from great inequalities in bargaining power between employers and employees, the statute's provisions are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706 (1945). The first exception is that the Secretary of Labor may supervise the payment of back wages to employees; employees who accept such payments waive their rights to bring suits for liquidated damages, provided the employer pays the back amount in full. 29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352–53 (11th Cir. 1982); see also Stalnaker v. Novar Corp., 293 F. Supp. 2d 1260, 1262 (M.D. Ala. 2003) (Thompson, J.).

The second route to settlement, and the one that is applicable here, occurs when an employee brings a

private action for back wages under 29 U.S.C. § 216(b), the employee and employer present a proposed settlement to the district court, and the district court reviews the judgment and enters it as "a stipulated judgment." Lynn's Food Stores, 679 F.2d at 1354-1355 ("Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.").

In reviewing a settlement of an FLSA private claim, a court must "scrutiniz[e] the settlement for fairness," id. at 1353, and determine that the

3

settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions."  Id. at 1355.  "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] ... the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation."  Id. at 1354.

In this case, there is a bona fide dispute over FLSA provisions, namely whether Chappell and Mastillo, while employed "for a workweek longer than forty hours," each received "compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."  29 U.S.C. § 207(a)(1).  In particular, the parties dispute whether Chappell and Mastillo were exempt from the overtime provisions of the FLSA because they were employed in an "executive,

administrative, or professional capacity." 29 U.S.C. § 213(a)(1).

After speaking with Chappell and Mastillo and reviewing the settlement agreement, the court finds that the settlement is a fair and reasonable resolution of this bona fide dispute and that Chappell and Mastillo knowingly and voluntarily entered into the settlement. Chappell will receive $ 7,000.00 and Mastillo will receive $ 5,550.00 from Daeho, which represents a full recovery of overtime pay and an equal amount of liquidated damages, and which they believe reflects complete and total satisfaction of what they could expect to receive if they were to prevail on their FLSA claim at trial. In addition, counsel for Chappell and Mastillo, the Hays Law Firm, will receive $ 10,000.00 in attorneys' fees and $ 450.00 for reimbursement of costs, for a total of $ 10,450.00. The court finds that the fee is reasonable. Upon consideration of the representations of the parties,

the terms of the settlement agreement, and the court's knowledge of the facts and circumstances of this case, the court will approve the settlement.

An appropriate judgment will be entered.

DONE, this the 20th day of April, 2017.

                                /s/ Myron H. Thompson
                                **UNITED STATES DISTRICT JUDGE**